UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
IN COURT
CHARLOTTE, N. C.

JUN 2 8 2006

U. S. DISTRICT COURT
W. DIST. OF N. C.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:06-cr-28-V |
| Plaintiff, | ) | |
| v. | ) | **CONSENT ORDER AND** |
| | ) | **JUDGMENT OF FORFEITURE** |
| JAMES WESLEY MYERS, JR. | ) | |
| a/k/a "Jimmy Myers" | ) | |
| Defendant. | ) | |

BASED UPON the defendant's guilty plea to the indictment in this case, and finding that there is a substantial nexus between the property listed below and the offense to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. the following property is forfeited to the United States pursuant to 18 U.S.C. §924(d):

**One SKS AK-47 rifle, serial number 9332374, with magazines**

**The quantity of 7.62 caliber bullets, seized on or about April 1, 2006, from the residence and curtilage located at 121 Pervie Lane, Statesville, North Carolina**

2. the United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

3. upon the seizure of any property to satisfy all or part of the judgment, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by law;

4. any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

5. following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned assets constitute property involve in and used in any manner to facilitate the commission of the offense charged in the indictment, that is, Title 18, United States Code, §922(g) and are therefore subject to forfeiture pursuant to 18 U.S.C. §924(d). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant.

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

_____
THOMAS A. O'MALLEY
Assistant United States Attorney

_____
JAMES WESLEY MYERS, JR.
a/k/a "Jimmy Myers"
Defendant

_____
PETER ADOLPH
Attorney for Defendant

Signed this the 28 day of June, 2006.

_____
DAVID C. KEESLER
UNITED STATES MAGISTRATE JUDGE

2